**FILED**

JAN 30 2018

**U.S. COURT OF FEDERAL CLAIMS**

No. 17-1174 T
(Judge Charles F. Lettow)

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MOHAMAD E. TAHA (DECEASED) and SANAA M. YASSIN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## UNITED STATES' MOTION TO DISMISS

RICHARD E. ZUCKERMAN
  Principal Deputy Assistant Attorney General

DAVID I. PINCUS
ELIZABETH A. KANYER
  Attorneys
  Justice Department (Tax)
  Court of Federal Claims Section
  P.O. Box 26
  Ben Franklin Post Office
  Washington, D.C.   20044
  (202) 514-0600
  (202) 514-9440 (facsimile)

Received - USCFC

JAN 3 0 2018
16234553.1

**Page(s)**

## TABLE OF CONTENTS

United States' Motion to Dismiss ...................................................................................................1

Facts ..............................................................................................................................................3

   A. Plaintiffs' 2002 Tax Year ...................................................................................................4

   B. Plaintiffs' 2003 Tax Year ...................................................................................................5

   C. Plaintiffs' 2004 Tax Year ...................................................................................................5

   D. Plaintiffs' Refund Suit .......................................................................................................6

Argument ......................................................................................................................................6

   A. The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims ................................7

      1. Plaintiffs' Claim as to 2002 Should be Dismissed for Lack of Subject
         Matter Jurisdiction ........................................................................................................8

      2. Plaintiff's Claim as to 2003 Should be Dismissed for Lack of Subject
         Matter Jurisdiction or for Failure to State a Claim .......................................................9

   B. The Court Must Dismiss Mr. Taha (Deceased) for Failure to State a Claim ....................13

Conclusion ..................................................................................................................................14

Appendix:

   Exhibit 1:  Certificate of Assessment, Payments, and Other Specified
           Matters for 2002 .......................................................................................................1

   Exhibit 2:  Certificate of Assessment, Payments, and Other Specified
           Matters for 2003 .......................................................................................................4

   Exhibit 3:  Certificate of Assessment, Payments, and Other Specified
           Matters for 2004 .......................................................................................................7

   Exhibit 4:  Notice of Claim Disallowance for 2002 ...............................................................10

   Exhibit 5:  Email between Elizabeth Kanyer and Mr. Ali Taha ...........................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adelsberger v. United States*, 58 Fed. Cl. 616 (2003) ...............................................................13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................................13

*Buttke v. United States*, 13 Cl. Ct. 191 (1987)............................................................................9

*Cambridge v. United States*, 558 F.3d 1331 (Fed. Cir. 2009) ..................................................13

*Demes v. United States*, 52 Fed. Cl. 365 (2002)..................................................................11, 12

*Harris v. United States*, 44 Fed Cl. 678 (1999), *aff'd* 232 F.3d 912
     (Fed. Cir. 2000).....................................................................................................................9, 10

*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995) ................................................................7

*Howard v. United States*, 497 F.2d 1270 (7th Cir. 1974) .........................................................11

*Howell v. United States*, 127 Fed. Cl. 775 (2016) ......................................................................3

*Langley v. United States*, No. 16-206, 2017 WL 5564716
     (Fed. Cir. Nov. 20, 2017).........................................................................................................7

*McIlvaine v. United States*, 23 Cl. Ct. 439 (1991).....................................................................9

*RadioShack Corp. v. United States*, 566 F.3d 1358 (Fed. Cir. 2009) ........................................7

*RHI Holdings, Inc., v. United States*, 142 F.3d 1459 (Fed. Cir. 1998)......................................7

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)......................................................7

*United States v. Generes*, 405 U.S. 93 (1972) ...................................................................11, 12

*Whipple v. Commissioner*, 373 U.S. 193 (1963)......................................................................12

*Wagner Furniture Interior, Inc. v. Kemner's Georgetown Manor, Inc.*,
     929 F.2d 343 (7th Cir. 1991) ................................................................................................13

16234553.1

**Page(s)**

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 166 ..................................................................................................................11, 12, 13

§ 172 ..................................................................................................................11

§ 301 ....................................................................................................................6

§ 331 ....................................................................................................................6

§ 1001 ..................................................................................................................6

§ 1211 ..................................................................................................................11

§ 1212 ..................................................................................................................10

§1361 ....................................................................................................................6

§ 1366 ..................................................................................................................6

§ 1367 ................................................................................................................6, 7

§ 1371 ................................................................................................................6, 7

§ 6511 ....................................................................................................8, 9, 10, 11, 12

§ 6513 ..................................................................................................................10

§ 6532 ................................................................................................................8, 9

§ 7502 ....................................................................................................................9

§ 7422 ....................................................................................................................8

28 U.S.C.:

§ 1346 ....................................................................................................................7

§ 1491 ....................................................................................................................7

16234553.1

**Page(s)**

**Miscellaneous:**

Black's Law Dictionary (10th ed. 2014)..................................................................................3

Rule of the Court of Federal Claims:

    Rule 12...................................................................................................................1, 7, 13

    Rule 83.1 ...........................................................................................................................3

Treas. Reg. (26 C.F.R):

    § 1.166-5 ...........................................................................................................................1

    § 1.331-1 ...........................................................................................................................6

    § 301.6402-2 .....................................................................................................................7

16234553.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 17-1174 T
(Judge Charles F. Lettow)

MOHAMAD E. TAHA (DECEASED) and SANAA M. YASSIN,
Plaintiffs,

v.

THE UNITED STATES,
Defendant.

## UNITED STATES' MOTION TO DISMISS

Defendant, the United States, moves to dismiss the complaint on the grounds that the
Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States
Court of Federal Claims ("RCFC") and that plaintiffs failed to state a claim upon which relief
can be granted pursuant to Rule 12(b)(6). Plaintiffs, Mohamed E. Taha (deceased) and Sanaa M.
Yassin, seek a refund of $14,177 for the taxes paid in 2002 and 2003. During the years in issue,
Mr. Taha was a shareholder of an S corporation and paid tax on his share of that S corporation's
income. Plaintiffs' refund request relates exclusively to those taxes. Plaintiffs allege that because
they never received their share of the S corporation's income, that unpaid income became
business bad debt for them when the S corporation went out of business in 2004, which, because
of their lack of income in 2004, entitled them to a loss carryback for 2002 and 2003.[1]

---

[1] Although plaintiffs are also claiming a refund of $14,177 for 2004 (their loss year), that claim
appears to be an alternative to their claim for the same amount in the putative carryback years
(taken together), 2002 and 2003. In any event, as plaintiffs acknowledge, they did not have any
income for 2004. (Compl. ¶35, 36, Ex. 3.) Because plaintiffs assert that they received no gross
(continued...)

1

As discussed below, the Court should dismiss plaintiffs' complaint for lack of subject matter jurisdiction or for failure to state a claim. For purposes of demonstrating that plaintiffs have not complied with the timeliness requirements of the Code for 2002 and 2003, the following chart depicts the dates in which plaintiffs filed original returns, filed amended returns (refund claims), and filed a refund suit. [2]

|  | 2002 | 2003 |
|---|---|---|
| Return | 4/15/2003 | 4/15/2004 |
| Refund Claim | 11/29/2007 | 11/09/2007 (Alleged) |
| Notice of Disallowance | 12/20/2007 | - |
| Refund Suit | 5/10/2017 | 5/10/2017 |

As indicated in the chart above, the Court lacks jurisdiction over plaintiffs' claim as to 2002 because plaintiffs failed to timely file a refund suit. The Court lacks jurisdiction over plaintiffs' claim as to 2003 because the IRS has no record of plaintiffs' having filed an administrative claim before filing suit. In any event, even if plaintiffs did file an administrative claim, the Court would lack jurisdiction over 2003 because plaintiffs' alleged bad debt cannot be characterized as business bad debt for purposes of the extended period of limitations for filing a refund claim for carrybacks of losses from bad debt deductions.[3]

---

(… continued)

income in 2004, there would be nothing to deduct their alleged loss against, and the claim as to 2004 should thus be dismissed for failure to state a claim.

[2] Unless otherwise indicated, the terms "Code" and "§" or "section" refer to the Internal Revenue Code of 1986, 26 U.S.C., as in effect during the relevant periods

[3] Likewise, plaintiffs do not allege that the debt was business debt, and therefore, plaintiffs have also failed to state a claim upon which relief can be granted.

For these reasons, defendant requests that the Court dismiss plaintiffs' complaint. If the Court does not dismiss the complaint in its entirety, it should dismiss plaintiff Mohamed E. Taha from the suit for failure to state a claim because a decedent does not have the capacity to maintain a suit.

In support of its motion, defendant relies on the exhibits contained in the Appendix, and the allegations in and exhibits attached to the complaint, which, unless otherwise noted, defendant accepts as true for purposes of this motion.

### FACTS

Plaintiffs through their relative, Ali Taha,[4] commenced the action *pro se* by filing a complaint on May 10, 2017 in the Middle District of Florida. (Dkt. No. 1.) The Middle District of Florida *sua sponte* transferred the complaint to this Court because Mrs. Yassin resides in the United Arab Emirates and venue thus does not lie in any of the district courts. (Dkt. No.1.) Mr. Ali Taha filed an amended complaint in this Court for plaintiffs on September 18, 2017.[5] In their amended complaint, plaintiffs seek a refund of $14,177 as well as penalties and interest.

(Compl. pg. 35.)

---

[4]Mohamed E. Taha and Ali Taha could both be referred to as Mr. Taha. For clarity, we refer to Mohamed E. Taha as Mr. Taha and the Ali Taha as Mr. Ali Taha.

[5]Mr. Ali Taha is not an attorney; however, he is the brother of Mr. Taha. (Compl. ¶ 6, Cover Sheet; Ex. 5.) Rule 83.1 provides that "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." Black's Law Dictionary (10th ed. 2014) defines "[i]mmediate family" as a "1. A person's parents, spouse, children, and siblings. 2. A person's parent, spouse, children, and siblings, as well as those of the person's spouse. . . For some purposes such as taxes, a person's immediate family may also include the spouses of children and siblings." *See also Howell v. United States*, 127 Fed. Cl. 775, 782-83 (2016). Because Mr. Ali Taha is the brother-in-law of Mrs. Yassin, we do not contest that Mr. Ali Taha can represent Mrs. Yassin.

Mr. Taha and Mrs. Yassin were married during 2002 through 2004, the years in issue. (Compl.¶ 4; Exs. 1-3.) Mr. Taha died in the United Arab Emirates in 2007. (Compl.¶ 3.)

Mr. Taha was a 10% shareholder in Atek Corp. ("Atek") during the years in issue. (Compl. ¶ 10.) Atek was an S corporation and engaged in the construction business. (Compl.¶ 10, 11.) Mr. Taha had no role or responsibility in the operation of Atek. (Compl. ¶ 12.)

### A. Plaintiffs' 2002 Tax Year.

Mr. Taha and Mrs. Yassin timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2002. (Exs. 1, p. 2; Compl. ¶ 32.) They reported as income Mr. Taha's share of Atek's gross income and interest in the amounts of $83,968 and $1,042, respectively. (Compl. ¶ 11, 32; Compl. Ex. A. p. 2-7.) They did not report any other source of income and reported that Mr. Taha was unemployed. (*Id.*) They reported and paid tax of $8,573. (Ex 1.)

On November 29, 2007, Mrs. Yassin filed a refund claim on a joint Form 1040X, Amended U.S. Individual Income Tax Return, for 2002. (Ex. 1, p. 2; Compl. Ex. B, p. 2-3.) On the refund claim, Mrs. Yassin reduced their gross receipts by $65,010 and requested a refund of $8,573. (Compl. Ex. B, p. 2-3.) In explaining the request for a refund, Mrs. Yassin stated that the Schedule K-1 income and interest were not collected because Atek ceased operations. (*Id.*)

On December 20, 2007, the IRS issued through certified mail a notice of disallowance for 2002. (Ex. 4, p. 10.) The IRS stated that plaintiffs' refund claim was denied. (*Id.*) The IRS further stated that if plaintiffs did not agree with the decision they could file suit to recover tax, penalties, or other amounts, with the appropriate court within two years form the date of the letter. (*Id.* p. 13.) They did not file their suit (in the district court) until May 10, 2017.

4

**B. Plaintiffs' 2003 Tax Year.**

Mr. Taha and Mrs. Yassin timely filed a joint Form 1040 for 2003. (Ex. 2, p. 5.) They reported as income Mr. Taha's share of Atek's gross income and interest in the amounts of $74,566 and $3,247, respectively. (Compl. ¶ 11; Compl. Ex. A. p. 8-18) They did not report any other source of income and reported that Mr. Taha was unemployed. (*Id.*) They reported and paid tax of $5,604. (Ex. 2, p. 5.)

The IRS's records have no indication that Mr. Taha and Mrs. Yassin filed a refund claim for 2003. (Ex. 2.)

Plaintiffs, however, allege that they did file a refund claim on November 9, 2007. (Compl. ¶ 33.) They attached to their complaint a joint Form 1040X for 2003, dated November 9, 2007 and bearing a signature in the name of Mrs. Yassin. (Compl. Ex. B; Compl. ¶ 33.) On this amended return, Mrs. Yassin reduced their gross receipts by $65,010 and requested a refund of $5,604. (*Id.*) In explaining the request for a refund, she stated that the Schedule K-1 income and interest were not collected because Atek ceased operations. (*Id.*) No certified mail or other receipt has been provided for this refund claim.

**C. Plaintiffs' 2004 Tax Year.**

Mr. Taha and Mrs. Yassin did not timely file a Form 1040 for 2004. (Ex. 3, p. 8.) In 2004, Atek experienced financial difficulties and failed to satisfy its financial obligations. (Compl.¶ 15-18.) In 2004, the companies that had bonded Atek took over Atek's operations. (Compl. ¶ 15.) Atek dissolved in 2006. (Compl. ¶ 18.) As a result, plaintiffs did not have any income for 2004. (Compl. ¶ 35, 36; *see also* Ex. 3, p. 8.)

On April 1, 2011, Mrs. Yassin filed a joint Form 1040X for 2004. (Ex. 3; Compl. ¶ 36.) On this purported amended return for 2004, she reduced plaintiffs' adjusted gross income from

5

$0 to ($142,823) and requested a refund of $14,177, the amount of taxes paid in 2002 and 2003. (Compl. ¶ 36.) In explaining the request for a refund, she stated that the prior years' income, which had never been paid to them, became bad debt (in 2004) as a result of Atek's going out of business. (*Id.*)

On October 25, 2011, Mrs. Yassin, after the filing of the purported amended return, filed a joint "original" Form 1040 for 2004. (Ex. 3.) She did not report any income or tax. (*Id.*)

The IRS disallowed their claim for 2004. (Ex. 3.)

### D. Plaintiffs' Refund Suit.

As noted, a complaint was filed in the district court in the names of Mr. Taha (deceased) and Mrs. Yassin on May 10, 2017. (Dkt. No. 1.) Plaintiffs subsequently filed an amended complaint in this Court, seeking a refund of the tax they paid on Mr. Taha's share of Atek's income. (Compl. at 20.) Plaintiffs allege that because they had not received the income on which they paid tax, the "unpaid income" became a bad debt and created a loss carryback for 2002 and 2003. (*Id.* at 21.) They seek a refund of $14,177, all of the tax paid in those years on the S corporation income. (*Id.* at p. 36.)

### ARGUMENT

In plaintiffs' complaint, they did not cite the S corporation provisions of the Code. §§ 1361 *et seq.*[6] Instead, they ask the Court to treat the "unpaid income" as a loan to the S

---

[6]Sections 1366 and 1367 require a shareholder of an S corporation to take the pro rata share of an S corporation's income into account in his or her basis. Thus, for 2002 and 2003, Mr. Taha's basis in the S corporation was increased by the amount of income plaintiffs reported. § 1367(a).

S corporation liquidations are governed by the principles of the Code for C corporation liquidations. § 1371(a)(1); §301 *et seq.* Section 331(a) provides that the amounts distributed to a shareholder in complete liquidation of a corporation will be treated as a full payment in exchange for the stock. The taxpayer's gain or loss will be determined by comparing the amount realized to the shareholder's basis in stock. § 1001; Treas. Reg. § 1.331-1(b). In general, stock is a capital (continued...)

corporation that became worthless, allowing them to carryback the loss to 2002 and 2003. We submit that the Court does not need to reach this issue, however, because the complaint should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

Rule 12(b)(1) governs the dismissal of claims for lack of subject matter jurisdiction. The Court of Federal Claims is a court of limited jurisdiction. *RHI Holdings, Inc., v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Accordingly, jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Although the Court must assume factual allegations to be true and draw reasonable inferences in the plaintiff's favor, the plaintiff bears the burden of establishing jurisdiction by the preponderance of the evidence. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Langley v. United States*, No. 16-206, 2017 WL 5564716, at *2 (Fed. Cir. Nov. 20, 2017).

### A. The Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims.

The Tucker Act provides for jurisdiction in the Court of Federal Claims over monetary claims against the United States government. In general, a suit for a refund of federal taxes falls within this Court's Tucker Act jurisdiction. 28 U.S.C. § 1491(a)(1); *e.g.*, *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009); *see also* 28 U.S.C. § 1346 (providing concurrent jurisdiction with the district court over any civil action against the United States for the recovery of any internal-revenue tax).

---

(... continued)

asset. §1221. Therefore, as to this case, plaintiffs would presumably have been able to recover their increased basis (for 2002 and 2003) in the form of an increased capital loss in the year of liquidation (2006).

However, this jurisdiction is dependent on the satisfaction of certain prerequisites. Before commencing a refund suit, a taxpayer must file a claim for refund or credit with the IRS within the applicable statutory period. Section 7422 requires a taxpayer to file a claim for refund or credit with the IRS before bringing suit to recover any tax. *See also* Treas. Reg. § 301.6402-2(a)(1) ("[c]redits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitations properly applicable."). A taxpayer must file that claim for refund or credit within the applicable period of limitations provided in § 6511. Likewise, a taxpayer must file a refund suit within the period of limitations provided in § 6532.

### 1. Plaintiffs' Claim as to 2002 Should be Dismissed for Lack of Subject Matter Jurisdiction.

In general, § 6532 requires a taxpayer to file a refund suit after the expiration of 6 months from the date of filing the refund claim and before "the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."[7]

The Court lacks jurisdiction over plaintiffs' claim as to 2002 because plaintiffs filed suit more than two years after the IRS issued a notice of disallowance. Plaintiffs contend that the suit is timely because they filed their refund suit more than 6 months after filing a refund claim. (Compl. ¶ 30.) Although § 6532(a)(1) authorizes a taxpayer to file a refund suit after the expiration of 6 months from filing a refund claim, § 6532(a)(1) prohibits refunds suits after the expiration of two years from the IRS's mailing of a notice of disallowance. The IRS issued a notice of disallowance for 2002 on December 20, 2007.[8] (Ex. 4.) Therefore, plaintiffs were

---

[7]The parties may extend the period of limitations by written agreement. § 6532(a)(2).

[8] The Form 4340, Certificate of Assessment and Payment, for 2002 recorded the notice of disallowance as filed on December 31, 2007. The Form 4340 lists another refund claim filed on
(continued...)

required to file a refund suit by December 20, 2009. Plaintiffs filed their complaint on May 10,

2017, which is more than *nine years* after the IRS issued the notice of claim disallowance.

Accordingly, the Court lacks jurisdiction over plaintiffs' claim as to 2002.

### 2. Plaintiffs' Claim as to 2003 Should be Dismissed for Lack of Subject Matter Jurisdiction or for Failure to State a Claim.

Section 6511 provides the period of limitation for filing a refund claim with the IRS. The

general rule provided in § 6511(a) requires a taxpayer to file a claim "within 3 years from the

time the return was filed or 2 years from the time the tax was paid," whichever occurs later.

Section 6511 provides extended periods of limitations for certain income taxes. *See, e.g.,*

§ 6511(d) (providing an extended period of limitations for bad debts, net operating losses, and

capital losses, among other things).

The Court lacks jurisdiction over plaintiffs' claim as to 2003 because plaintiffs did not

file any administrative refund claim. In general, a refund claim must be physically received by

the IRS to be properly filed. *See McIlvaine v. United States*, 23 Cl. Ct. 439, 442 (1991); *Buttke v.

United* States, 13 Cl. Ct. 191, 192-93 (1987); *see also* § 7502 (providing exceptions to the

physical delivery rule when the return was received after the due date or sent by registered or

certified mail). The IRS's Form 4340, Certificate of Assessment and Payment, for 2003 does not

list any refund claim for 2003. (Ex. 2.) IRS official records, such as Forms 4340, are "presumed

to be true, accurate, and correct" and this presumption is rebuted only when plaintiffs present

reliable evidence to the contrary. *Harris v. United States*, 44 Fed Cl. 678, 682 (1999), *aff'd,* 232

F.3d 912 (Fed. Cir. 2000). The presumption is rebutted when a taxpayer presents evidence of

---

(... continued)

January 25, 2008 and issued a notice of disallowance on November 30, 2009. Even if the second
refund claim was a different claim, the period for filing a refund suit has expired. § 6532.

proper addressing or mailing of this return. *Id.* Although plaintiffs allege that they filed a refund claim for 2003 and attach to their complaint a Form 1040X, they did not present any evidence (such as a certified-mail receipt) of proper addressing or mailing of this return. Therefore, the Court lacks jurisdiction over plaintiffs' claim as to 2003.

Even if plaintiffs' Form 1040X for 2003 attached to the complaint was enough to rebut the presumption, plaintiffs' refund claim would be untimely. Mrs. Yassin allegedly filed the Form 1040X for 2003 on November 9, 2007. (Compl. ¶ 33.) Under the general rule of § 6511(a), plaintiffs were required to file a refund claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever occurred later. Plaintiffs filed and paid their tax on the April 15, 2004. (Ex. 2); § 6513(a), (b) (providing that early payments and return filings are treated as made on the last day for filing the return). Thus, plaintiffs were required to file their refund claim by April 15, 2007. §6511(a). Accordingly, the period of limitations expired before plaintiffs allegedly filed their refund claim on November 9, 2007.

Plaintiffs allege that they timely filed their refund claim because they filed their Form 1040X for 2003 within the extended period of limitations provided in § 6511(d)(1). Section 6511(d)(1) (flush language) extends the period of limitations to seven years for bad debts and provides, in relevant part, that

> [i]f the claim for … refund relates to an overpayment on account of the effect that the deductibility of such debt or loss has on the application to the taxpayer of a carryback, the period shall be either 7 years from the date prescribed by law for filing the return for the year of the net operating loss which results in such carryback or the period prescribed in paragraph (2) of this subsection, whichever expires later.

Section 6511(d)(2) provides an extended period of limitations for net operating losses and net capital losses. That section provides that the period to file a claim ends three years after the time

10

prescribed by law for filing the return of the net operating loss or net capital loss or the period determined in the by an agreement. §6511(d)(2).

Section 166 is the general provision governing bad debts. The statute differentiates a debt that is a business debt from a debt that is a nonbusiness debt. § 166(a), (d). Section 166(a) authorizes a taxpayer to deduct a business debt that becomes worthless in a taxable year. However, § 166(d)(1)(B) requires a taxpayer to treat a nonbusiness debt as a short-term capital loss. The Supreme Court explained the importance of this distinction in *United States v. Generes*, 405 U.S. 93, 95-96 (1972):

> If the obligation was a business debt, [the taxpayer] may use it to offset ordinary and income and for carryback purposes of § 172… On the other hand, if the obligation is nonbusiness debt, it is to be treated as a short-term capital loss subject to the restrictions imposed on such losses by § 166(d)(1)(B) and §§ 1211 and 1212, and its use for carryback purposes is restricted by 172(d)(4).

*Id.; see also Howard v. United States*, 497 F.2d 1270 (7th Cir. 1974) (affirming the district court's denial of a carryback of a nonbusiness deduction); Treas. Reg. § 1.166-5(a). Section 1211 authorizes individuals with a capital loss to deduct the loss up to $3,000, and § 1212 authorizes the taxpayer to carryforward the capital loss "in the succeeding taxable year." It does not authorize taxpayers to carryback the capital loss. § 1212. Likewise, § 172(d)(4) provides that deductions not attributable to a taxpayer's trade or business are allowed only to the extent of gross income not derived from such trade or business. Accordingly, the Court must determine the character of the alleged debt to determine the "deductibility of such debt or loss has on the application to the taxpayer of a carryback" for purposes of §6511(d)(1). *Demes v. United States*, 52 Fed. Cl. 365, 371 (2002) (deciding the character of a bad business debt in determining whether the court had subject matter jurisdiction).

11

Whether the debt will be characterized as business or nonbusiness depends on the relationship between the debt and the taxpayer's trade or business. A nonbusiness debt is any debt other than one created, acquired, or incurred within a trade or business. § 166(d)(2). In general, when a taxpayer's relationship to the debt is as a shareholder, that interest is a nonbusiness interest for purposes of the bad debt deduction. *Whipple v. Commissioner,* 373 U.S. 193, 202 (1963); *Generes,* 405 U.S. at 107–08 (Marshall, J., concurring) ("[A] shareholder is not entitled to a business bad-debt deduction when a loan which he has made to enhance his stock interest in a corporation goes bad."); *Demes,* 52 Fed. Cl. at 371. The fact that a taxpayer is a shareholder, however, does not preclude the Court from finding that the loss is business debt. If a taxpayer's loan was proximate to his or her trade or business, then he or she may claim a business bad debt deduction. *Generes,* 405 U.S. at 103 (explaining that in determining whether a loan is "proximate" to a taxpayer's trade or business, the proper standard is one of "dominant motivation" rather than "significant motivation").

Mr. Taha did not create the alleged debt in his trade or business. Mr. Taha was a shareholder of Atek, and plaintiffs reported the income based on his status as a shareholder. (Compl. ¶ 10.) *Whipple,* 373 U.S. at 202; *Generes,* 405 U.S. at 107–08. Although a taxpayer's status as a shareholder does not preclude the alleged debt from being business debt, Mr. Taha does not have any other trades or businesses to which the alleged debt would proximately relate. Mr. Taha was unemployed and reported no other source of income or loss. (Compl. Ex. A.) Accordingly, the alleged debt is not business debt, and therefore, plaintiffs' claim does not relate to "the application to the taxpayer of carryback." Therefore, plaintiffs are not entitled to the extended period of limitations under § 6511(d)(1), and their refund claim was untimely.

Moreover, plaintiffs do not allege any facts tending to show that Mr. Taha's alleged debt was business bad debt.[9] Although plaintiffs allege that the bad debt arose in 2004, creating a carryback to 2002 and 2003, plaintiffs do not allege any facts that the debt was *business* debt pursuant to § 166. Indeed, plaintiffs acknowledge that Mr. Taha was a shareholder and had "no role or responsibility in the operation of Atek." (Compl. ¶ 10, 12.) Further, they repeatedly state that the income was "shareholder income." (Compl. ¶ 13, 20, 32 ("[t]hat means the income was not ordinary income but business shareholder's income"), 33, 35, 42.) Thus, plaintiffs do not allege that Mr. Taha incurred the debt in his trade or business or that the debt he incurred was proximately related to another trade or business.

## B. Mr. Taha (Deceased) Should be Dismissed as a Plaintiff for Failure to State a Claim.

To the extent that defendant's motion to dismiss pursuant to Rule 12(b)(1) or Rule 12(b)(6) is denied, defendant requests that the Court dismiss Mr. Taha (deceased) as a plaintiff for failure to state a claim upon which relief can be granted. *Adelsberger v. United States*, 58 Fed. Cl. 616, 617 (2003) (explaining that dismissing a decedent for lack of capacity is properly a motion to dismiss for failure to state a claim under Rule 12(b)(6)); *see also Wagner Furniture Interior, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345-346 (7th Cir. 1991). A party must have legal existence to have the capacity to sue and be sued. *Id.* at 619. A person who dies before filing suit does not have that capacity. *Id.* Mr. Taha died in 2007 before this action began. Because Mr. Taha died before bringing this action, he does not have the legal

---

[9]Rule 12(b)(6) governs the dismissal of claims for failure to state a claim. A complaint must have sufficient "facial plausibility" to "allow[ ] the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff. *Cambridge v. United States,* 558 F.3d 1331, 1335 (Fed.Cir.2009).

capacity to bring this suit. Defendant requests that the Court dismiss Mr. Taha (deceased) as a plaintiff for failure to state a claim.

### CONCLUSION

Defendant respectfully requests that the Court grant the motion to dismiss. First, plaintiffs failed to timely file their complaint for 2002. Second, plaintiffs failed to timely file an administrative claim for 2003, or, if they did, that claim was untimely. Finally, in the event that the Court denies defendant's motion, defendant requests the Court dismiss the decedent as a plaintiff for failure to state a claim upon which relief can be granted.

January 30, 2018

Respectfully submitted,

ELIZABETH A. KANYER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 514-0600
(202) 514-9440 (facsimile)
elizabeth.a.kanyer@usdoj.gov

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section

Of Counsel

Attorneys for the United States

January ___, 2018

14

APPENDIX

**United States**  **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: **JUN 26 2017**

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Is an exact transcript of the Form 1040, U.S. Individual Income Tax Return for

Mohamad E Taha & Sanaa M Yassin in respect to the tax period ending December 31, 2002 reflecting all

assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating

thereto as disclosed by the records of this office as of the date of this certification are shown therein.

Consisting of 2 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my
hand, and caused the seal of this office to be affixed,
on the day and year first above written.

By the direction of the Secretary of the Treasury:

*Benjamin F. Ray*

Benjamin F. Ray
Accounting Operations Manager
Kansas City Submission Processing Center

**Defendant**
**Exhibit**
1

Catalog Number 19002E

U S GPO 2000 - 533-028/07196

Form **2866** (Rev. 09-97)

1

```
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

MOHAMAD E TAHA & SAMAA M YASSIN        EIN/SSN:      0551
                                                     0660


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  2002

                                      ASSESSMENT,    PAYMENT,    ASSESSMENT
DATE        EXPLANATION OF TRANSACTION OTHER DEBITS   CREDIT     DATE (23C,
                                      (REVERSAL)    (REVERSAL)   RAC 006 )
-----------------------------------------------------------------------------

            ADJUSTED GROSS INCOME
                     85,010.00

            TAXABLE INCOME
                     59,160.00

04-15-2003 RETURN FILED & TAX ASSESSED            8,573.00        06-23-2003
           89222-124-67154-3   200324

04-10-2003 PAYMENT WITH RETURN                              8,573.00

08-04-2003 REFUNDABLE CREDIT                                 800.00

           ADDITIONAL TAX ASSESSED                0.00           08-04-2003
           89254-999-05099-3  20033008

08-04-2003 REFUND                                          (800.00)

12-31-2007 CLAIM DISALLOWED
           89254-747-98005-7        08

11-29-2007 AMENDED RETURN FILED
           89277-745-00076-7

01-25-2008 AMENDED RETURN FILED
           89277-435-01504-8

11-30-2009 CLAIM DISALLOWED
           89254-713-98303-9        08


FORM 4340  (REV. 01-2002)              PAGE    1
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

MOHAMAD E TAHA & SAHAA M YASSIN          EIN/SSN:          0551
                                                           0660


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC 2002
--------------------------------------------------------------------------------


BALANCE           8.08

--------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:   Benjamin F. Ray

PRINT NAME:_____Benjamin F. Ray_____

TITLE:_____Accounting Operations Manager_____

DELEGATION ORDER:_____KCSPC-11-5-01_____


LOCATION: INTERNAL REVENUE SERVICE
          KANSAS CITY, MO

          ACCOUNT STATUS DATE 06/19/2017

FORM 4340  (REV. 01-2002)              PAGE    2



**United States**          **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: **JUN 26 2017**

### CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: is an exact transcript of the Form 1040, U.S. Individual Income Tax Return for

Mohamad E Taha & Sanaa M Yessin in respect to the tax period ending December 31, 2003 reflecting all

assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating

thereto as disclosed by the records of this office as of the date of this certification are shown therein.

Consisting of 2 pages

under the custody of this office.



**Defendant
Exhibit
2**

IN WITNESS WHEREOF, I have hereunto set my
hand, and caused the seal of this office to be affixed,
on the day and year first above written.

By the direction of the Secretary of the Treasury:

Benjamin F. Ray
Accounting Operations Manager
Kansas City Submission Processing Center

Catalog Number 19002E             *U S GPO 2000 – 533-029/07198             Form **2866** (Rev. 09-97)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

MOHAMAD E TAHA & SANAA M YASSIN          EIN/SSN:          0551
                                                           0660


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2003

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME 77,813.00 | | | |
| | TAXABLE INCOME 50,013.00 | | | |
| 04-15-2004 | RETURN FILED & TAX ASSESSED 89221-117-11457-4  200419 | 5,604.00 | | 05-24-2004 |
| 04-10-2003 | ESTIMATED TAX DECLARATION | | 2,144.00 | |
| 11-03-2003 | ESTIMATED TAX DECLARATION | | 2,144.00 | |
| 01-17-2004 | ESTIMATED TAX DECLARATION | | 2,144.00 | |
| 05-24-2004 | REFUND | | (828.00) | |

FORM 4340  (REV. 01-2002)                    PAGE   1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

MOHAMAD E TAHA & SANAA M YASSIN          EIN/SSN:          0551
                                                          0660


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040    TAX PERIOD: DEC 2003
--------------------------------------------------------------------------------


BALANCE          0.00

--------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:

PRINT NAME:    Benjamin F. Ray

TITLE:    Accounting Operations Manager

DELEGATION ORDER:    KCSPC-11-5-01


LOCATION: INTERNAL REVENUE SERVICE
          KANSAS CITY, MO

          ACCOUNT STATUS DATE 06/19/2017

FORM 4340  (REV. 01-2002)                PAGE    2

**United States**  **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: JUN 1 4 2017

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: is an exact transcript of the Form 1040, U.S. Individual Income Tax Return for

Mohamad E.Taha & Sanaa M Yassin in respect to the tax period ending December 31, 2004 reflecting all

assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating

thereto as disclosed by the records of this office as of the date of this certification are shown therein.

Consisting of 2 pages.

under the custody of this office.

**Defendant
Exhibit**
3



IN WITNESS WHEREOF, I have hereunto set my
hand, and caused the seal of this office to be affixed,
on the day and year first above written.

By the direction of the Secretary of the Treasury:

Benjamin F. Ray
Accounting Operations Manager
Kansas City Submission Processing Center

Catalog Number 19002E          *U S GPO 2000 - 533-026/07198          Form **2866** (Rev. 09-97)

7

```
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

  MOHAMAD E TAHA & SANAA H YASSIN        EIN/SSN:        0551
                                                        0660


  TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
  FORM: 1040      TAX PERIOD: DEC  2004

                                           ASSESSMENT,    PAYMENT,    ASSESSMENT
  DATE       EXPLANATION OF TRANSACTION   OTHER DEBITS     CREDIT     DATE (23C,
                                           (REVERSAL)    (REVERSAL)   RAC 006 )
-----------------------------------------------------------------------------

  10-25-2011 RETURN FILED & TAX ASSESSED                   0.00       12-19-2011
             09209-323-01171-1

  04-01-2011 AMENDED RETURN FILED
             28277-525-59780-1

  12-10-2012 CLAIM DISALLOWED
             28254-725-98024-2        04

  08-25-2014 CLAIM DISALLOWED
             49254-612-98073-4        04

  09-14-2015 CLAIM DISALLOWED
             28254-633-98007-5        04

             ADDITIONAL TAX ASSESSED                       0.00       04-04-2016
             28254-475-05237-6  20161105

             ADDITIONAL TAX ASSESSED                       0.00       04-03-2017
             BY EXAMINATION
             AUDIT REVIEW
             49247-473-30822-7  20171105


  FORM 4340  (REV. 01-2002)              PAGE    1
```

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

MOHAMAD E TAHA & SAMAA M YASSIN          EIN/SSH:          9551
                                                           8660


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC 2004
------------------------------------------------------------------------


BALANCE          0.00

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: *Benjamin F. Ray*
                  Benjamin F. Ray
PRINT NAME:_____
                  Accounting Operations Manager
TITLE:_____
                  KCSPC-11-5-01
DELEGATION ORDER:_____


LOCATION: INTERNAL REVENUE SERVICE
          KANSAS CITY, MO

          ACCOUNT STATUS DATE 06/08/2017

FORM 4340  (REV. 01-2002)              PAGE    2

**IRS** Department of the Treasury
Internal Revenue Service

FRESNO   CA   93888-0025

71617617928007645623

In reply refer to:   1036347668
Dec. 20, 2007   LTR 105C  EO
0551  200212  30  000
00002038
BODC: SB

MOHAMAD E TAHA & SANAA M YASSIN
PO BOX 17236
IRVINE  CA  92623-7236361

000420



CERTIFIED MAIL

Taxpayer Identification Number: [redacted] 0551
Kind of Tax:   INDIVIDUAL
Amount of Claim : $     8,573.00

Date of Claim(s) Received:  Nov. 29, 2007
Tax Period :  Dec. 31, 2002

## WE COULDN'T ALLOW YOUR CLAIM

Dear Taxpayer:

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for
credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
We received your Amended Return 3 years after the due date of your
return.  The statute of limitations has expired.  We would have had to
receive your amended return no later than April 15,2006.

The postmark date on your tax return's envelope is Nov. 27, 2007.
The expiration date for filing a claim for tax year 2002 was
Apr. 15, 2006. We couldn't allow your claim because it was not
postmarked on or before the deadline.

IF YOU DISAGREE

You may appeal our decision with the Appeals Office (which is
independent of our office) if we disallowed your claim because our
records show that you filed your claim late. Generally, a claim is
late if you filed it the later of:

-   3 years from the return due date of a timely filed,
    unextended return
-   3 years from the date we received a late return or a timely
    filed, extended return
-   2 years after you paid the tax

Defendant
Exhibit
4

Letter No. 1  -  Exhibit C

Case 1:17-cv-01174-CFL   Document 4-3 *SEALED*   Filed 09/18/17   Page 3 of 20

```
                                              1036347668
                         Dec. 20, 2007   LTR 105C  EO
                               0551   200212 30 000
                                              00002039
```

MOHAMAD E TAHA & SANAA M YASSIN
PO BOX 17236
IRVINE  CA  92623-7236361

In addition, the amount of any credit or refund for a claim filed
within three years of the tax return is limited to amounts paid
within the three years before filing the claim plus the period of
any extension of time granted for filing the tax return. Similarly,
the amount of a claim filed within the two-year period is limited
to the amount paid within the two years before filing the claim.
The Appeals Office cannot change the amount of time the law allows
you to file a claim for refund or credit.

If you decide to appeal our decision, you should provide us with an
explanation of why you consider your claim was filed on time; for
example, you had an extension of time to file your original tax
return. We will consider your explanation before forwarding your
request to the Appeals Office.

Note: reasonable cause or similar explanations that may provide an
excuse for relief from a penalty for the late filing of a tax return
cannot change the time limitations for filing a claim set by law.
Exceptions that can extend the time to file a claim for refund
include; service in a combat zone, a claim involving an item with a
filing period in excess of the general three-year period, or financial
disability. Financial disability is defined as the inability to manage
financial affairs due to a medically determined physical or mental
impairment which can be expected to result in death, or which has
lasted (or can be expected to last) continuously for at least twelve
months. Please review Publication 556, Examination of Returns, Appeals
Rights, and Claims for Refund, for additional details regarding these
exceptions.

You have the right to appeal our decision to disallow your claim.
You may represent yourself before Appeals. You may have an attorney,
certified public accountant, or person enrolled to practice before
the Internal Revenue Service represent you. To have someone represent
you, attach Form 2848, Power of Attorney and Declaration of
Representative, (or similar written power of attorney) to your written
statement. If we do not hear from you within 30 days from the date of
this letter, we  will process your case without further action.

You may request a small dollar case appeal for a disallowed claim
that is less than $25,000 or prepare a formal protest for a disallowed
claim over $25,000.

To request a small dollar case appeal for a claim, do the following:
    1.  State that you want to appeal.
    2.  List the disallowed items you disagree with and why you don't
        agree with each item.

11

```
                                                       1036347668
                              Dec. 20, 2007    LTR 105C   EO
                                   0551   200212 30 000
                                                       00002040
```

MOHAMAD E TAHA & SANAA M YASSIN
PO BOX 17236
IRVINE   CA   92623-7236361



3.  Provide your name, address, taxpayer identification number,
    daytime telephone number, and a copy of this letter.
4.  Mail your appeal request to the address shown on this letter.

To prepare a formal protest, do the following:

1.  Prepare a written statement that you want to appeal the
    disallowance to the Appeals Office.
2.  Provide your name, address, taxpayer identification number,
    a daytime telephone number, and a copy of this letter. Show
    the tax periods or years and disallowed items you disagree
    with and why you don't agree with each item.
3.  Include a detailed statement of facts with names, amounts,
    locations, etc. to support your reasons for disputing the
    disallowance.
4.  If you know the particular law or authority that supports
    your position, you should inform us of that law or authority.
    Please include a legal citation to assist in the appeals
    process that supports your claim, if applicable.
5.  Sign the statement below and include it with your written
    appeal. If your authorized representative prepares the
    request for an appeal, he/she must sign the statement and
    include it with the appeal.
6.  Mail your written formal protest to the address shown on
    this letter.

STATEMENT BY INDIVIDUALS OR SOLE PROPRIETORS

"Under penalties of perjury, I declare that the facts present on
my written appeal are, to the best of my knowledge and belief,
true, correct, and complete."

_____        _____
Signature                              Date

_____        _____
Spouse's Signature, if a Joint Return   Date

STATEMENT BY ATTORNEY, ENROLLED AGENT OR CERTIFIED PUBLIC ACCOUNTANT

"Under penalty of perjury, I declare that I prepared the written
statement and accompanying documents. To the best of my knowledge
the protest and accompanying documents are true and correct."

_____   _____   _____

```
                                              1036347668
                            Dec. 20, 2007   LTR 105C  EO
                                 0551   200212  30 000
                                               00002041
```

MOHAMAD E TAHA & SANAA M YASSIN
PO BOX 17236
IRVINE  CA   92623-7236361


Signature of Representative          Enrollment Number  Date

If you do not agree with our decision, you may file suit to recover
tax, penalties, or other amounts, with the United States District
Court having jurisdiction or with the United States Claims Court.
These courts are part of the judiciary branch of the federal
government and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the date of this
letter. If you decide to appeal our decision first, the 2-year period
still begins from the date of this letter. However, if you signed
an agreement that waived your right to the notice of disallowance
(Form 2297), the period for filing suit begins on the date you filed
the waiver.

HOW TO CONTACT US

If you have any questions, please call Customer Service at
800-829-0922 between the hours of 7:00AM and
10:00. If the number is outside your local calling
area, there will be a long-distance charge to you. If you
prefer, you may write to us at the address shown at the
top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach
you. Also, you may want to keep a copy of this letter for your
records.

Telephone Number (    )_____    Hours_____

13

```
                                        1036347668
                        Dec. 20, 2007   LTR 105C  EO
                            0551   200212 30 000
                                        00002042
```

MOHAMAD E TAHA & SANAA M YASSIN
PO BOX 17236
IRVINE   CA   92623-7236361

000420

Sincerely yours,

J BARRETT
DEPARTMENT MANAGER

Enclosure(s):
Publication 1

14

## Kanyer, Elizabeth A. (TAX)

| | |
|---|---|
| **From:** | Ali Taha <alim_taha@yahoo.com> |
| **Sent:** | Wednesday, October 11, 2017 11:10 PM |
| **To:** | Kanyer, Elizabeth A. (TAX) |
| **Subject:** | Re: Taha et al v. United States, dkt. no. 17-1174 |

Ms. Kanyer,

My apologies for this late response to your questions. To reiterate:

1. Brothers
2. She is my sister-in-law (Mohamad's wife) 3. No, I'm not an attorney 4. Power of attorney - confirmed and authorized by the IRS 5. Power of attorney - confirmed and authorized by the IRS

Note: the Complaint explains my other responsibilities as petitioner and sponsor towards Mohamad and Sanaa's U.S. immigration and naturalization. Meanwhile, does this communication needs to be documented in Court?

Thank you.

Ali Taha

---------------------------------------------

On Wed, 10/11/17, Kanyer, Elizabeth A. (TAX) <Elizabeth.A.Kanyer@usdoj.gov> wrote:

Subject: Taha et al v. United States, dkt. no. 17-1174
To: "alim_taha@yahoo.com" <alim_taha@yahoo.com>
Date: Wednesday, October 11, 2017, 2:24 PM

Dear Mr. Taha,

Thank you for returning my call
yesterday. As we discussed, my name is Elizabeth Kanyer, and I represent the United States in Taha et al v. United States, dkt. no.
17-1174.

I have a few follow-up questions
from our conversation yesterday. You explained that you are related to the plaintiffs. I wanted to clarify a few details about that relationship.
Can you please respond to the questions below

**Defendant
Exhibit
5**

15

1.
How are
you related to Mohamed E. Taha?

2.
How are
you related to Sanaa M. Yassin?

3.
Are you
an attorney, and if so, what jurisdiction are you licensed to practice?

4.
In what
capacity are you representing Mohamed E. Taha?

5.
In what
capacity are you representing Sanaa M. Yassin?

Thank you for your
responses,

ELIZABETH KANYER
Trial
Attorney

U.S.
Department of Justice, Tax Division
Office:
(202) 514-0600
Cell:
(202) 598-3687
Fax:
(202) 515-9440
elizabeth.a.kanyer@usdoj.gov

2

16

CERTIFICATE OF SERVICE

I certify that service of the foregoing motion to dismiss has, this 30ᵗʰ day of January 2018,

been made on Mr. Mohamed E. Taha (Deceased) and Mrs. Sanaa M. Yassin by mailing a copy

thereof, in a postage prepaid envelope, to the following address:

> Mr. Mohamad E. Taha (Deceased)
> Mrs. Sanaa M. Yassin
> c/o Ali M. Taha
> 247 Dove Trail
> Bradenton, Florida  34212

> U.S. Department of Justice
> Tax Division
> Court of Federal Claims Section
> Post Office Box 26
> Ben Franklin Station
> Washington, D.C.  20044
> (202) 307-6440