1
2  Ali M. Taha
   247 Dove Trl
3  Bradenton, FL 34212
   Telephone: 941-896-3471
4  Email: alim_taha@yahoo.com

5  Power of Attorney for Plaintiffs
   Mohamad E. Taha and Sanaa M. Yassin
6
7
8

**FILED**

**MAR - 9 2018**

U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

9   MOHAMAD E TAHA (DECEASED), AND      **Case No.: 17-1174 T**
    Sanaa M. Yassin, his wife           **Judge Charles F. Lettow**
10
11            Plaintiffs
                                        **PLAINTIFFS' MOTION TO DENY OR**
12            vs.                       **STRIKE DEFENDANT'S REPLY IN**
                                        **SUPPORT OF ITS MOTION TO**
13                                      **DISMISS**
14  UNITED STATES ON BEHALF OF THE
    INTERNAL REVENUE SERVICE
15
              Defendants
16
17
18
19  TO THE HONORABLE CHARLES F. LETTOW, UNITED STATES COURT OF
20  FEDERAL CLAIMS AND THE DEFENDANTS' OFFICE OF THE UNITED STATES
21  ATTORNEYS OF RECORD:
22      Plaintiffs Mohamad Taha (deceased in 2007) and his wife
23  Sanaa Yassin file this motion to respectfully request the Court
24  to deny or strike Defendant's Reply in Support of its Motion to
25  Dismiss on the basis of insufficient defense or any redundant,
26  immaterial, impertinent, or scandalous matter pursuant to RCFC
27
28

Received - USCFC

MAR - 9 2018

12(f).

Defendant, in its Reply in Support of its Motion to Dismiss, repeated redundantly its exact allegations it detailed in its Motion to Dismiss, without facts or evidence – mere allegations; ignoring the facts presented in Plaintiffs' Complaint and re-emphasized in their Objection to Defendant's Motion to Dismiss.

Plaintiffs, therefore, were forced to re-emphasize the facts in rebutting Defendant's meritless allegations, similar to their correspondence with the IRS for over ten years.

**The Court is now due to take action and stop Defendant's continued meritless motions, and grant Plaintiffs their rightful claim for tax refund.**

### 2002

Defendant repeated that "the Court should dismiss plaintiffs' claim as to 2002 for lack of subject matter jurisdiction because plaintiffs failed to timely file their suit. The IRS issued plaintiffs a notice of disallowance for their 2002 tax year on December 20, 2007. (*Id.* at p. 4.) Plaintiffs were, therefore, required to file suit by December 20, 2009. I.R.C. §6532. They did not. They filed suit on May 10, 2017. (*Id.* at 4...) Therefore, when plaintiffs opted to file an appeal with the Appeals office, their deadline to file suit

remained December 20, 2009. Thus, the Court should dismiss plaintiffs' claim as to 2002 for lack of subject matter jurisdiction."

Plaintiffs responded to Defendant's above repeated allegations and inaccuracies in their Objection to Defendant's Motion to Dismiss, (¶6a, 7a, p. 15, ¶7b, p. 16) and, therefore, not necessary to repeat and burden the Court, with one exception worth noting and re-emphasizing:

1. Plaintiffs, in good faith, opted to file an appeal with the Appeals Office, as recommended in the IRS's disallowance letter, in lieu of filing suit. Suit was too premature to file at the time when dialogue was continuing, and therefore, was not practical. Plaintiffs want to make sure that the IRS and Appeals understand the refund claim was filed within the 7 years for business bad debt, according to the Code. The IRS and Appeals alleged the Claim was filed late according to the 3-year statute of the Code. This period is not applicable to the Claim for business bad debt. Appeals disallowed Plaintiffs' claim, ignoring Plaintiffs' emphasis of the 7-year statute, and ignoring the preponderance of evidence for the bad debt.

This dialogue continued, without interruption of

3

communications, with the IRS's six centers, over 60
letters, 33 IRS's responders, for over ten years in
continued communications – never out-rightly shut-down.

2. In addition, in lieu of this 2002 filing, Plaintiffs
opted to file their claim in the 2004 amended return for
tax refund for both years 2002 and 2003 within the 7-year
statute for business bad debt on the basis that Atek
Construction went out of business in 2004. This year was
considered fixed and determinable for the loss of
Plaintiff's shareholders income earned for 2002 and 2003
but not received or collected, and therefore, entitled
Plaintiffs for tax refund. Although Defendant dwelled on
2002 and 2003 claims, 2004 was the heart of the claim for
the loss of Plaintiffs' income and for tax refund, as
stated.

**2003**

Defendant repeated that "there are alternative grounds upon
which the Court should dismiss plaintiffs' claim for 2003 for
lack of subject matter jurisdiction. First, the IRS has no
record of receiving any administrative refund claim as required
by §7422. (D's Mt. at 9-10.) Defendant submitted a Form 4340,
Certificate of Assessment and Payment, for 2003, which does not
give any indication that plaintiffs filed a refund claim for

4

2003. IRS's records, such as Form 4340s, are presumed to be true, accurate, and correct... However, plaintiffs did not submit any evidence, such as a timely postmark or certified-mail receipt, that would show that they mailed their administrative refund claim in a timely manner... Because plaintiffs cannot thus overcome the presumption of the regularity of the Form 4340, their claim as to 2003 should be dismissed."

Plaintiffs responded to Defendant's above allegations and inaccuracies in their Objection to Defendant's Motion to Dismiss, (¶8a, p. 16, 17, and contd. p. 18) and, therefore, not necessary to repeat and burden the Court, with one exception worth noting and re-emphasizing:

1. First, Plaintiffs did in fact file their administrative refund claim, similar to every other claim for years 2002 and 2004, in compliance with §7422 and other rules. (Compl., Compliance, p. 9, ¶1).

2. Defendant emphasis that the IRS's records, such as Form 4340s are presumed to be true, accurate and correct... is mere presumption and not factual supported with evidence. **The purpose of Form 4340, as certified, was to show that the IRS in fact received the tax payments for 2003, as reported in the original returns. That's it – no other purpose such as whether refund claims were filed.** Form

4340 certification for 2002 showed no indication that that the IRS received Plaintiffs' refund claim for 2002 either.  That's not the purpose of Forms 4340. **The fact remains that Plaintiffs' claim for tax refund for 2003 was filed and mailed simultaneously with 2002.** Therefore, Defendant's query of evidence, such as a timely postmark or certified-mail receipt, that would show Plaintiffs mailed their administrative refund claim in a timely manner..., especially after 10 years, is unrealistic and mere avoidance of the truths. Tax refund claim for both years were repeatedly brought up in Plaintiffs' letters to the IRS, but still ignored. (Compl., Ltrs. No. 2 dated 1/21/08, No. 6 dated 9/24/09, and No. 8 dated 11/12/09, Exh. C).

3. Plaintiffs question why Defendant chose to provide Form 4340, Certificate of Assessment and Payment, showing minimum data in less than half a page for each of 2002 and 2003 tax payments, in lieu of providing the Court with the original returns, Forms 1040 (Compl., Exh. A.) Form 4340 in fact did not serve any purpose but to certify that the IRS received Plaintiffs' tax payments.

4. Plaintiffs rebut Defendant's allegation that "Plaintiffs do not offer any new facts or arguments that the

purported debt was business debt." This allegation was not even mentioned above for 2002. Plaintiffs provided evidence of the bad debt. Mr. Taha was not an "investor" as Defendant alleged. He was part "owner" of the business at 10% share on which he earned shareholder's income and equity accordingly, and paid taxes accordingly as well, and therefore, his loss of income is surely business bad debt.

5. Plaintiffs further refer the Court to Items 1 and 2 under paragraph titled 2002 above.

**2004**

Defendant alleged "As we explained in the motion, plaintiffs' claim as to 2004 is not at issue. (D's Mt. at 1-2 n.1) Although plaintiffs allege that they are entitled to a refund for 2004 in the amount of the taxes they paid in 2002 and 2003, they do not allege that they recieved any gross income in 2004 against which they could apply their claimed bad debt deduction, or even made any payments for 2004. (Ps' Resp. ¶9a.) Thus, plaintiffs do not and cannot allege any overpayment of tax to recover for 2004. §§6511, 7422. The Court should dismiss plaintiffs' claim as to 2004 for failure to state claim."

Here Defendant alleges that "plaintiffs' claim as to 2004 is not at issue." If that is the case, then Plaintiffs are

entitled for tax refund which is, therefore, not an issue. But Defendant reverses its allegation to a contradictory conclusion that plaintiffs did not have gross income in 2004... and thus, do not and cannot allege any overpayment of tax to recover for 2004. In short, plaintiffs did have gross income for 2004 which was negative gross income (loss). Refer to Form K-1 showing negative income (loss) attached to Form 1040 for 2004 (Compl., Ltr. 13, Exh. E).

Plaintiffs further refer the Court to more detailed response in regards to the 2004 claim in their Objection to Defendant's Motion to Dismiss. (¶9a, p. 18, 19).

**Mr. Taha**

Defendant alleged "As we explained in our motion, Mr. Taha does not have the capacity to sue because he died before plaintiffs brought this suit. (D's Mt. at 13) ... *See Adelsberg v. United States*, 58 Fed. Cl. 616 (2003)."

Defendant, in its conclusion, "requests that the Court grant its motion to dismiss, filed January 29, 2018. More specifically, the Court should grant the motion as to 2002 because plaintiffs failed to timely file their complaint. Likewise, the Court should grant the motion to 2003 because plaintiffs (on either of two grounds) failed to timely file an administrative refund claim for 2003. Moreover, the Court should

grant the motion as to 2004 because plaintiffs did not receive any income or pay any tax in that year, and thus, there is no possible overpayment that could be determined as to that year. Finally, in the event that the Court denies defendant's motion, defendant requests the Court dismiss the decedent as a party because he does not have the capacity to bring suit."

Before Plaintiffs submit their conclusion, they offer the following rebuttal to Defendants above conclusion:

1. Not once, where Defendant or the IRS acknowledged that Plaintiff Sanaa Yassin was Mr. Taha's wife. Defendant referred to her as Mrs. Sanaa Yassin, instead of Mrs. Taha, implying she is not a party of the suit. For clarity purposes, even though Sanaa Yassin maintained her maiden name in her marriage, she is still Mrs. Taha. They both filed every original tax return and amended tax return as "married filing jointly."

2. The reference to case *Adelsberg v. United States* regarding "the capacity to bring suit, requires legal existence at the time the suit is filed and not at the time the return was filed."

Adelsberg's case cannot be applicable to Plaintiffs' case, similar to Defendant's referenced cases RHI v. U.S. (D's Mt., ¶Argument, p. 6-7) in regards to the Court's

9

jurisdiction and Wagner v. Kemner (D's Mt., ¶B, p. 13) in
regards to capacity to sue.

RHI's case was related to "hot interest" that RHI paid
for corporate income tax underpayment after which RHI
sued to recover. Therefore, this case was irrelevant.
Wagner's case has to do with his lack of capacity to sue
because he had not been licensed to do business in
Illinois. No mention of decedents. Therefore, this case
was irrelevant.

Plaintiffs rebutted both RHI and Wagner's cases as
irrelevant or inapplicable (P's Obj., ¶2, p. 22, and Item
14a, p. 26-27, respectively). Plaintiffs' latter true
rebuttal was not brought up again by Defendant's Reply
filed February 26, 2018 because neither case was
relevant.

Defendant's repeated reference to Adelsberg's in its
Reply has been answered in Plaintiffs Objection to
Dismiss with a quote "The capacity doctrine relates to
the issue of a party's personal right to litigate in
federal courts (P's Obj., p. 26-27)." Specifically, the
reference to "legal existence to have the capacity to sue
and be sued" was related to plaintiff Wagner... as stated
above. Therefore, Defendant's argument for Adelsberg's

10

capacity to sue as a single decedent litigant cannot be
applicable. Plaintiffs, except Mr. Taha, are alive and
therefore, legally exist. Plaintiffs are not single
litigant or substituted. Mr. Taha was not the only single
individual litigant that can be related to Adelsberg's.
Plaintiffs action was indisputably filed by living and
still alive plaintiffs, and therefore, survive their
deaths.

3. "Finally," Defendant expressed inappropriate and
   meritless argument, "in the event that the Court denies
   Defendant's motion, defendant requests the Court dismiss
   the decedent as a party because he does not have the
   capacity to bring suit.  It seems obvious that Defendant
   failed to present any factual arguments or logic in its
   actions to convince the Court of any substance, and
   therefore, resorted to a mere imaginary hope and plea for
   a rule in its favor.  Plaintiffs are confident that the
   legal system will prevail in their favor and the Court
   will rightfully deny or strike Defendant's motions.

### Plaintiffs' Main Points and Conclusion

1. Unlike Defendant's repeated allegations to the contrary,
   the Court has subject matter jurisdiction over all

11

aspects of Plaintiffs' claim – rightly filed.

2. The Defendant's extensive allegations, ambiguities, and meritless arguments to Plaintiffs' refund claim as untimely filed is totally incorrect. Plaintiffs' claims were filed within the 7-year statute of limitation for business bad debt, as explained in detail in its over 30 letters as well as in the years' amended returns, 1040X.

3. Plaintiffs' Complaint is the heart of their action. It is to be considered highly with diligent attention to every detailed fact and supporting evidence contained within.

4. Plaintiffs endured, with good faith in the legal system, over ten years of continued communications with the IRS that included over 60 letters, 6 IRS Centers, and 33 IRS's responders, and obvious total confusion and irresponsibility within the IRS. That caused the IRS's 33 responders total disarray for not directly responding to Plaintiffs' letters. Their letters were all generalized and duplicate that seem to have been pulled out of the IRS's standard archives. Plaintiffs emphasized that their refund claim was based on facts and preponderance of evidence for the business bad debt.

5. Not once, where the IRS acknowledged Plaintiffs' supporting evidence for the business bad debt that was

12

provided to the IRS multiple of times.

6. Not once, during the first 9 years of communications, where the IRS acknowledged Plaintiffs' basis for the 7-year statute of limitation until its letter dated March 22, 2016 when the IRS finally admitted that "The bad debts statute of 7-years is correct-and the claim would be worthy of reconsideration-if there had been actual bad debt. (Compl., Ltr. 30, Exh. E). Plaintiffs emphasized with evidence that there is actual debt that the IRS ignored. Although the IRS acknowledged Plaintiffs' assertion of the 7-year statute of limitation, Defendant ignored this fact asserted by the IRS.

7. Further, the state of CA would not have refunded Plaintiffs' claim for tax refund if it was not rightfully claimed. Plaintiffs transmitted the same applicable original and amended tax returns to the state of CA. CA did refund Plaintiffs' claim for 2002, and 2003 on 10/31/2016 and 03/01/2016, respectively. Similarly, the IRS and CA refunded other shareholders of Atek who claimed tax refund on income that was lost (bad business debt.) The government and the state cannot be contradictory to Plaintiffs' action. Presumably, both

have similar or equal rules for the tax system.

8. Plaintiffs gracefully and rightfully request the Court to deny Defendant's Motions and order judgment in favor of Plaintiffs.

9. Plaintiffs pray for judgment for the amount of tax refund claim of $14,177.00 plus interest, penalties, and other costs incurred in the course of prosecuting their claim.

Dated March 6, 2018

Ali M. Taha
Power of Attorney, CAF 0311-
0541R, for Plaintiffs Mohamad
Taha (deceased) and Sanaa
Yassin, wife

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF FLORIDA, COUNTY OF MANATEE

I am over the age of 18 and not a party to the within action, reside at 247 Dove Trl, Bradenton, FL 34212.

On March 6,2018, I served the foregoing document described as:

**PLANINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO STAY**

on all interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**(XX) BY MAIL:** I caused such envelope(s) to be deposited in the mail at Bradenton, FL.  The envelope was mailed with postage thereon fully prepaid to:

Elizabeth A. Kanyer, Esquire
U.S. Department of Justice
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC 20044

Executed on March 6, 2018

 I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Ali M. Taha

Mohamad Taha v US Reply in Support of its Motion to Dismiss

15