Ali M. Taha
247 Dove Trl
Bradenton, FL 34212
Telephone: 941-896-3471
Email: alim_taha@yahoo.com

Power of Attorney for *Pro Se* Plaintiffs
Mohamad E. Taha and Sanaa M. Yassin

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| MOHAMAD E TAHA (DECEASED), AND Sanaa M. Yassin, his wife<br><br>*Pro Se* Plaintiffs<br><br>vs.<br><br>UNITED STATES ON BEHALF OF THE INTERNAL REVENUE SERVICE<br><br>Defendants | Case No.: 17-1174 T<br>Judge Charles F. Lettow<br><br>**PLAINTIFFS' MOTION FOR WAIVER OF COMPLETION OF FACT DISCOVERY** |

TO THE HONORABLE JUDGE CHARLES F. LETTOW, UNITED STATES COURT OF FEDERAL CLAIMS AND THE DEFENDANTS' OFFICE OF THE UNITED STATES ATTORNEYS OF RECORD:

Plaintiffs Mohamad Taha (deceased in 2007) and his wife Sanaa Yassin respectfully request that the Court waive the requirement for Completion of Fact Discovery as ordered on May 2, 2019.

The Court's order that "The stated deadline [for completion of fact discovery by October 4, 2019] applies to all disclosures and discovery provided by Rules 26 through 37 of the Rules of the

1

RECEIVED - USCFC
MAY 14 2019

Court of Federal Claims("RCFC"), including, among other things, depositions (RCFC30), interrogatories (RCFC 33), production of documents (RCFC 34), and requests for admissions (RCFC 36)."

The Court's Order for completion of discovery is unreasonable. It is repetitive, cumulative, duplicative, voluminous, burdensome, and costly. There is no additional production of documents that are not produced in Plaintiffs' Complaint, some of which reproduced in their motion objecting Defendant's motion to dismiss the complaint, motion objecting the Court's Order to grant Defendant's motion to dismiss and clarification, and their petition for rehearing in the Court of Appeals, etc. Furthermore, Plaintiffs are not available.

The undersigned representative of Plaintiffs, *pro se*, had the understanding during the telephonic scheduling conference held on April 5, 2019 that no Discovery will be required in the sense mandated by Appendix A, paragraph 9, Interrogatories, requests for Admissions, Responses. This specific paragraph was not mentioned in the conference to the extent, or details, and Rules, ordered by this Court. In fact, the Court confirmed in its scheduling order that "Due to the nature of the case, the court and the parties believe the use of expert witnesses will not be necessary." This fact should also apply to any other witnesses. The trial was specifically identified as "bench trial."

Nevertheless, Plaintiffs request that this honorable Court waive the requirement, as ordered, for Completion of Fact Discovery as provided by Rules 26 through 37.

It is impossible for Plaintiffs to comply with the Completion of Fact Discovery for reasons that are unavailable, including but not limited to:

1. Plaintiff, Mr. Taha, is deceased. Therefore, he is unavailable to comply with the subject Rules.

2. Mr. Taha's wife, Plaintiff Sanaa Yassin, is living in the United Arab Emirates (UAE) because her U.S. residency was withdrawn by the U.S. Consulate in the UAE. In fact, her non-residency in the United States was made known to this Court through the District Court in Florida who ordered the transfer of Plaintiffs' complaint to this Court. Therefore, she is unavailable to comply with the subject Rules.

3. As such, Plaintiffs cannot be deposed, interrogated, produce documents, or requested for admissions.

4. According to Rule 26(b)(1):

   "Unless otherwise limited by the court order, the scope of discovery is as follows: Parties may obtain discovery… considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Plaintiffs respond that all these issues definitely outweigh Plaintiffs' claim for tax refund of $14,177. Defendant and this Court have possession, access, and resources to the relevant information. Therefore, discovery is not necessary.

5. According to Rule 26(2)(B):

"A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."

6. According to Rule 26(2)(C):

"On motion or on its own, the Court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other sources that is more convenient, less burdensome, or less expensive";

Plaintiffs respond that the discovery sought is unreasonably cumulative, duplicative, or can be obtained from the Court's files that Plaintiffs have filed in their Complaint, Motions, and Objections. Defendant and this Court have these files that were provided and have access to all these files from the Court's ECF system. Some of these files will be provided again in their Memorandum.

Furthermore, Defendant did not and will not produce documents, as an example. Defendant has none.

(ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action";

Plaintiffs respond that discovery is not necessary because the information is available in the Court's ECF system.

(iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Plaintiffs respond as agreeing with the specified Rule because all the issues of discovery in this action definitely outweigh Plaintiffs' claim for tax refund of $14,177. The proposed discovery is outside the scope permitted by Rule 26(b)(1), because it is unreasonably cumulative, voluminous, or duplicative, and therefore, not necessary. Plaintiffs have essentially complied and completed discovery for over ten years.

7. Further, Defendant has prematurely and forcefully asserted in its Motion for Leave to File Unilateral Status Report, filed March 22, 2019, that if the issues are not resolved, which Defendant is determined not to resolve, as proven in every motion it filed, that:

- it will file a renewed motion to dismiss…;
- allow Plaintiffs to file a response to Defendant's renewed motion to dismiss…;
- it will file a reply to Plaintiffs' response to Defendant's renewed motion to dismiss.

to which this Court, "for good cause", ordered and granted on March 25, 2019. That's unjustly alarming.

Plaintiffs plead with this Honorable Court to waive the Completion of Fact Discovery as unnecessary for the reasons discussed above, including unavailability of Plaintiffs, among other things, and in compliance with Rule 26, and therefore, other Rules.

This Court has the power and jurisdiction to make fair and just decisions based on facts as presented by Plaintiffs with preponderance of evidence for over ten years, and never based on allegations and fabrications as presented by Defendant without a single proof that lured the Court into ruling unjust orders in its favor. Plaintiffs expect Defendant to provide with proof for every allegation it asserts, no exceptions.

Dated: May 7, 2019

_____
Ali M. Taha
POA for Plaintiffs

**PROOF OF SERVICE**

STATE OF FLORIDA, COUNTY OF MANATEE

I am over the age of 18 and not a party to the within action, reside at 247 Dove Trl, Bradenton, FL 34212.

On May 7, 2019, I served the foregoing document described as:

**PLANINTIFFS' PLAINTIFFS' MOTION FOR WAIVER OF COMPLETION OF FACT DISCOVERY**

on all interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**(XX) BY MAIL:** I caused such envelope(s) to be deposited in the mail at Bradenton, FL. The envelope was mailed with postage thereon fully prepaid to:

Elizabeth A. Kanyer, Esquire
U.S. Department of Justice
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC 20044

Executed on May 7, 2019, 2019

    I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

_____
Ali M. Taha

Mohamad Taha v US CFC Discovery Clarific.Order

Ali Taha
for M. Taha & S. Yassin
247 Dove trl
Bradenton, FL 34212

U.S. Court of Federal Claims
National Courts Building
Clerk's Office, Room 103
717 Madison Place, NW
Washington, DC 20439

RECEIVED MAY 14 2019 OFFICE OF THE CLERK U.S. COURT OF FEDERAL CLAIMS

U.S. POSTAGE PAID
FCM LG ENV
BRADENTON, FL
34211
MAY 07, 19
AMOUNT
$1.45
R2305E123282-07