**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Case No. 17-1174T
(Senior Judge Charles F. Lettow)

MOHAMAD E. TAHA (Deceased) and
SANAA M. YASSIN, his wife

*Pro Se* Plaintiffs

v.

THE UNITES STATES OF AMERICA

Defendant

**PLAINTIFFS' OBJECTION TO COURT'S
POST TRIAL OPINION AND ORDER AND JUDGMENT**

To the Honorable Senior Judge Charles F. Lettow:

Plaintiffs Mohamad Taha (Deceased) and Sanaa M. Yassin, his wife, respectfully file this Objection to Court's post-trial Opinion and Order and Judgment filed on April 1, 2020, Document 92.

As Plaintiffs' power of attorney and representative, I file this objection for the reasons briefly discussed below. I respectfully opted to address this objection directly to your attention. For the last 12 years, I maintained my utmost respect for the legal system. That said, I will continue the same. But I will spell out the facts, never a lie as the government's, as I always did, with the intention of making it clear that the court

1

RECEIVED - USCFC
APR 20 2020

were erroneous in every aspect and made unforgiveable and erroneous decisions.

First, allow me to respectfully provide you with this quoted proverb:

> **"Better is the poor who walks in his integrity than one [a DOJ lawyer or IRS agent] who is perverse in his lips and is a fool."**
> **[Prov. 19:1, Bible, NKJV]**

This proverb was quoted in "Instructions: 5.1. Understand the Tax Litigation Process (as warning to taxpayers):

> **"It is important that you thoroughly understand the process used to litigate a tax case long before you begin your tax litigation. One very good reason is that if you know all the right arguments, are organized, and can write and present well... the government will attempt to try to defeat your case based on obtuse technicality..."**

That was exactly how I prepared myself to file Plaintiffs' Complaint. It was precise with its arguments, organized, and written and presented well.

The objective of filing the Complaint was to claim tax refund for taxes paid for 2002 and 2003 under amended tax return for year 2004 which was the year when Atek was dissolved in lawsuits filed against it and against its officers by the bonding companies in 2004. It was filed within the 7-year statute and filed within the year within which the undistributed income became bona fide debt and therefore, worthless. Amended 2004 claim of $14,177 was inclusive of 2002 and 2003 paid taxes of $8,573 and $5,604,

respectively. Amended 2004 claim was admitted by the IRS as filed correctly within the 7-year statute for business bad debt. The 2002 and 2003 filed claims individually were rendered moot. Amended 2004 claim was the heart of the claim. It was unique. The complaint was only filed after the IRS failed to process the claim for 2004 which it admitted as correct.

You, your honor, was respectfully dictated by the government to dismiss the claim for lack of jurisdiction, and you did. I objected. You directed your clerk to shelf my objection - ignore it. I reluctantly appealed. Court of Appeals erroneously copied the government and your dismissal to the claim. It also dismissed and remanded the claim for you to resolve.

You called for and set the trial. During pretrial, you called for four telephonic conferences during which the subject of 2003 claim was concentrated upon by the government. Every time this year was brought up by the government as the basis for trial, in response to the remand, you agreed. Every time I objected and emphasized that the 2004 claim was to be discussed and not 2002 or 2003 that became moot. You also agreed and assured me that what will be discussed. I even objected to the trial before it was scheduled if it was to dwell on the 2003. I only agreed to the trial after you assured me that the 2004 claim will be the main

consideration to resolve. You reneged on your assurance; you did not even mention it. In fact, you rarely did.

Your Honor, respectfully, Plaintiffs were not treated justly. The courts failed their jurisdiction and justice. The Court, under your judgment, ignored the 2004 claim, ignored the preponderance of evidence provided, ignored the IRS' admission of the 2004 claim as correctly filed within the 7-year statute for business bad debt, ignored that a major shareholder of Atek, Mr. Khalil, was refunded his federal and state taxes for 2002 and 2003, ignored that Mr. Mohammed Taha and Mr. Moussa Taha were refunded their state taxes for the same years. I provided the Court with evidence of these refunds. You ignored.

In your Opinion and Order, you also dwelled on the 2003 claim that was moot. You spent a great deal about mailing and receipts (after 12 years) and cases that made no sense. That was the case during trial. You don't seem to have reviewed my two briefs which were extremely important, especially in their rebuttal to the government's allegations. You failed to even mention the 2004 claim, the evidence for the bad debt, the IRS' admission of the 2004 claim, and the IRS and the State refunds to other shareholders. Your allegation that the debt was capital because the government said so without proof, when it was discussed in detail during trial and before that it was a debt maintained under Atek's

Retained Earning Account, as a loan, to be paid in due time. That's how the accounting system was set up since 1996. Retained earnings were reduced when Atek paid back shareholders' undistributed income - never a capital.

Your Honor, the Court, which is a government entity, was respectfully bias. You and the IRS adopted the double standard which should not have a say in the legal system. Had Plaintiffs afforded an attorney for their defense, they would have been refunded their claim, similar to Mr. Khalil's, without any questions asked or spending over a million dollars in taxpayers' money.

This objection should go on the record. It will alert the legal system to take note and adopt justice when justice is due. Subsequent courts will also take notice. I will make sure of that.

Finally, I can no longer afford the cost of mailing to the government's Counsel. Please do so if it is worthwhile.

Dated April 7, 2020

Ali M. Taha, POA
For Plaintiffs

Ali Taha
for M. Taha and S. Yassin
247 Dove trl
Bradenton, FL 34212

**RECEIVED**
**APR 20 2020**
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

U.S. Court of Federal Claims
National Courts Building
Clerk's Office, Room 103
717 Madison Place, NW
Washington, DC 20439

TAMPA FL 335
SAINT PETERSBURG FL
03 APR 2020 PM 5 L

FOREVER USA