IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Case No. 17-1174T
(Senior Judge Charles F. Lettow)

ALI TAHA ON BEHALF OF HIS DECEASED
BROTHER AND HIS BROTHER'S WIFE
MOHAMAD E. TAHA (Deceased) and
SANAA M. YASSIN, his wife

*Pro Se* Plaintiffs

v.

THE UNITES STATES OF AMERICA

Defendant

## PLAINTIFFS' OBJECTION TO COURT'S SECOND POST TRIAL ORDER

To the Honorable Senior Judge Charles F. Lettow:

On behalf of my deceased brother and my brother's wife, I respectfully file this second Objection to Court's Post-Trial Order filed on May 1, 2020, ECF No. 96.

With utmost respect to the Honorable Judge, the Court and Defendant and its Counsel, I file this objection for the simple reasons briefly reemphasized below. I apologize for any possible occurrence of unintended or inadvertent grammatical expressions due to language barriers. For the sake of justice to plaintiffs, I ask this Honorable Court to respectfully reconsider its orders of dismissals and denials that were improperly assessed to the wrong

1

Received - USCFC
MAY 26 2020

refund claims (2002 & 2003) that were moot, instead of the actual subject claim of this action (2004), and grant Plaintiffs their tax refund claim of $14,177.

**The absolute issue here in this action is the 2004 refund claim of $14,177, inclusive of the taxes paid for 2002 ($8,573) and 2003 ($5,604).** This claim essentially created a loss for 2004 that can be carried back to 2002 and 2003 (6511). The IRS admitted that the 2004 refund claim was correctly filed within the 7-year statue (6511) for the year within which the bona fide business bad debt became worthless, i.e., year 2004. The IRS with its 33 agents and 6 States, and continuous messy follow ups on communications and processes, failed to process the refund claim, even with all the preponderance of evidence for the bad debt and correspondence that followed. (PX A-K; DX 1-12, 26, 32-33). **That prompted Plaintiffs to file their Complaint, ECF No. 4, specifically to recover their taxes as claimed in amended tax year 2004, Form 1040X.** Defendant and the Court ignored these facts. They failed to recognize the **IRS' admission of the 2004 refund claim,** since the Complaint was filed on September 17, 2017.

Years 2002 and 2003 claims as filed individually were rendered moot once the 2004 refund claim was filed and admitted by the IRS.

**Defendant requested in its Motion to Dismiss years 2002 and 2003, ECF No. 12, as evidenced by its conclusion, Page 14:**

2

> "Defendant respectfully requests that the Court grant the motion to dismiss. First plaintiffs failed to timely file their complaint for 2002. Second, plaintiffs failed to timely file an administrative claim for 2003, or if they did, the claim was untimely..."

The Court, in its Order and Opinion, ECF No. 20, P. 9, as evidenced by its conclusion, obliged and dismissed the 2002 and 2003 claims, as Defendant requested, even though these two years were rendered moot:

> "For the reasons stated, the court has no jurisdiction to consider the plaintiffs' claims, and thus, the Court GRANTS the defendant's motion to dismiss [2002 & 2003]."

Your Honor, Defendant's Motion to Dismiss, mentioned that the year 2004, Form 1040X was filed in two simple sentences and five lines out of total 307 lines and 14 pages of the Motion. D's Mt. ECF 12, p. 5-6. There was no objection or discussion or request for dismissal for the 2004 refund claim. The Motion concentrated on the 2002 and 2003. For this reason, Defendant requested to dismiss 2002 and 2003 only which were moot, as evidenced in its conclusion stated above, ECF No. 12, p. 14.

In response, the Court obliged and granted Defendant's Motion, as specifically requested, to dismiss the 2002 and 2003 claims that were moot. No dismissal of year 2004 refund claim was mentioned.

Plaintiffs, in their Motion, ECF No. 15 Objected Defendant's Motion to dismiss. In their Motion, ECF No. 25, they objected to

the Court's Order and Opinion, that granted Defendant's motion to dismiss. The Court "filed away" the objection with no response.

Plaintiffs appealed. The Federal Circuit essentially erred in its order by primarily copying the Defendant and the Court allegations, shattered the claim, and affirmed-in-part, vacated-in-part and remanded the claim to be resolved by this Court.

Plaintiffs objected to the Circuit's order, emphasized that the Circuit omitted significant materials of facts or lacked to make decisions that should have been acted upon.

Plaintiffs provided with proof that the courts' allegations in their dismissals to the claims were "clearly erroneous." The Courts' selection of law and its application of law to such allegations regarding plaintiffs' claim for tax refund element was "contrary to law." Plaintiffs complied with the applicable rules and codes, bore the burden for establishing jurisdiction and proof for the claim with preponderance of evidence. Their claim was for ordinary income from trade or business (Form 1120S), i.e., business relationship between Atek and shareholders. The ordinary income was not capital or dividend as Defendant and the Court kept echoing: not nonbusiness bad debt but business; no increase in basis of stock, but total loss, to say the least. Plaintiffs' undistributed income became bona fide business bad debt because Atek was forced into dissolution in 2004. Their debt was asserted by the promissory

4

notes for years 2002 and 2003, as loans to Atek, PX C(1-2) and the bad debt was supported by preponderance of evidence. Their 2004 refund claim was filed timely within the 7-year statute as admitted by the IRS. Defendant and the courts never ever provided with any proof to their allegations. **They did not talk about the 2004 refund claim, as admitted by the IRS.**

The honorable court scheduled a Trial on December 9 and 10, 2019 to resolve the refund claim as remanded. Transcripts ECF No. 77 and 78.

Your Honor, you assured Plaintiffs in four pre-trial telephonic conferences that you conducted on April 5, 2019, ECF No. 40; September 5, 2019, ECF No. 55; December 2, 2019, ECF No. 71; December 6, 2019, ECF No. 75; and confirmed in Trial on December 9 and 10, 2019 that the 2004 claim, as admitted by the IRS as correctly filed, was the main focus. Your Honor, you and the Defendant, initiated these calls to resolve the issues that Defendant has raised against plaintiffs prior to trial. One of these issues was Defendant's harassments and meritless burdens and insults during discovery, among other things. In order to rid of such insults, Plaintiffs filed their Motion for Protective Order or Motion to Abort their Claim for Tax Refund if Protective Order is Denied, ECF No. 45. This motion was "shot down." In every telephonic conference call, four of them, Defendant's Counsel

dwelled on the filing of 2003 refund claim which was rendered moot along with 2002. In every telephonic conference call, Plaintiffs disputed and objected to Defendant's focus on the 2003 claim. **Plaintiffs reemphasized that their 2004 refund claim, was the heart of this action. It was the reason for filing this action, not 2002 and 2003, because the IRS admitted that it was correctly filed but failed to process it.** It was a condition that I raised in order to continue with the Trial. You assured me of that, Your Honor, but you respectfully reneged on your assurance and focused on the 2003 refund claim. After 23 objections by Defendant's Counsel and continuous harassments, and make-to-believe allegations, and several hours of Defendant's unwarranted duplicated document certifications, Plaintiffs decided to continue with the Trial, in respect for the Honorable Judge and the legal system.

To prove Mr. Joseph Dianto's admission of the 2004 refund claim, in person: (1) Plaintiffs subpoenaed Mr. Dianto to appear and testify at Trial, ECF No. 65. (2) Defendant filed a motion for a conference call to exclude the testimony of Mr. Dianto, ECF No. 66. (3) On the same day of ECF 66, Defendant filed a motion to exclude the testimony of Mr. Dianto, ECF No. 67. (4) The court complied and issued an order to initiate the call, ECF No. 68. (5) The court conducted a telephonic conference call in this regard and others, Transcript ECF No. 71. (6) The court issued an order granting Defendant's motions to exclude Mr. Dianto from testifying

at Trial, ECF 69. Plaintiffs objected and were "shot down." The Honorable Judge asserted that Mr. Dianto's letter will suffice in Trial. That was not the case in Trial (see below). Mr. Dianto was a viable witness, but his appearance to testify was rejected, as noted above. He wrote the IRS' admission letter, PX I(1) that the 2004 refund claim was correctly filed within the 7-year statute for business bad debt. **It seemed obvious that the Defendant and the Court colluded and rejected Mr. Dianto's appearance to testify his letter of determination dated March 22, 2016, PX I(1), and Plaintiffs' response, PX I(2), for fear of exposing the Court and Defendant of the truth to the refund claim, as plaintiffs have opined. Here is the proof for the collusion and rejection of Mr. Diantos' letter:**

1. Ironically, Defendant's Counsel presented most applicable trial exhibits that were duplicate to plaintiffs' exhibits, nothing was new. Counsel excluded Mr. Dianto's letter of March 22, 2016 and Plaintiffs' response letter of March 28, 2016. Counsel intentionally ignored them and omitted them from Defendant's exhibits, unlike any other exhibit.
2. Defendant's Counsel objected my testimony about Mr. Dianto's letter, PX I(1). Counsel interrupted and told the Judge: "Your Honor, we object. This is not relevant..."
3. Defendant's Counsel objected my testimony of Plaintiffs' letter, PX I(2) in response to Mr. Dianto's letter, PX

7

at Trial, ECF 69. Plaintiffs objected and were "shot down." The Honorable Judge asserted that Mr. Dianto's letter will suffice in Trial. That was not the case in Trial (see below). Mr. Dianto was a viable witness, but his appearance to testify was rejected, as noted above. He wrote the IRS' admission letter, PX I(1) that the 2004 refund claim was correctly filed within the 7-year statute for business bad debt. **It seemed obvious that the Defendant and the Court colluded and rejected Mr. Dianto's appearance to testify his letter of determination dated March 22, 2016, PX I(1), and Plaintiffs' response, PX I(2), for fear of exposing the Court and Defendant of the truth to the refund claim, as plaintiffs have opined. Here is the proof for the collusion and rejection of Mr. Diantos' letter:**

1. Ironically, Defendant's Counsel presented most applicable trial exhibits that were duplicate to plaintiffs' exhibits, nothing was new. Counsel excluded Mr. Dianto's letter of March 22, 2016 and Plaintiffs' response letter of March 28, 2016. Counsel intentionally ignored them and omitted them from Defendant's exhibits, unlike any other exhibit.
2. Defendant's Counsel objected my testimony about Mr. Dianto's letter, PX I(1). Counsel interrupted and told the Judge: "Your Honor, we object. This is not relevant..."
3. Defendant's Counsel objected my testimony of Plaintiffs' letter, PX I(2) in response to Mr. Dianto's letter, PX

7

I(1).

4. The Court asked: "May the court admit PX I(1) and PX I(2)?

5. Defendant's Counsel responded: "Your Honor, we would have the same objection that the PX I(1) is not relevant...

6. The Court responded: "The Court will nonetheless admit them for the context..."

7. Admitting the two exhibits as "nonetheless for the context..." was respectfully meaningless, because the Honorable Judge reneged on his assurances and excluded the 2004 refund claim from his ruling. The Honorable Judge never talked about any of Plaintiffs' exhibits in support of their 2004 refund claim in any of his rulings.

Plaintiffs emphasize that Mr. Dianto's letter of admission that the 2004 refund clam was correctly filed and Plaintiffs' response letter were relevant, absolutely. Defendant and the Honorable Court colluded in this regard and omitted, ignored and excluded talking about it. As emphasized above, **Defendant's Motion to Dismiss did not request the 2004 refund claim to be dismissed. It only requested the 2002 and 2003 to be dismissed. Your Honor, this is important to tend to and consider in your ruling, even if you made an error the first ruling in your granting the dismissal.**

Your Honor, you asserted in your Order, ECF 96, that "In their motion, plaintiffs contend that the court's decision failed to take

account of their 2004 refund claim and the court wrongly focused on tax year 2003."

Your Honor, you contended that "The arguments presented by plaintiffs echo those presented in their post-trial briefing and were considered by the court in its ruling. Plaintiffs' 2004 tax refund claim was dismissed by this court..."

Plaintiffs reemphasize that the Court failed to take account of plaintiffs' 2004 tax refund claim, and the Court wrongly concentrated solely on the tax year 2003 and detailed mailing and expected evidence of mailing receipts after 12 years, three residential locations between two States and thousands of boxes moved. Unreal! The court concentrated on mailing because Defendant filed its Notice of Denial of Petition for a Writ of Certiorari in *Baldwin v. United States* on March 11, 2020, **that was totally irrelevant to plaintiffs' case**. Defendant brought up the issue of mailing in its Notice after it filed its Post-Trial Memorandum, ECF No. 85 – **a violation of the Trial, not part of the Trial's Schedule.**

It was obvious that the Court definitely did not consider the 2004 refund claim in its ruling, nor dismissed it, as alleged in its Order. It only granted Defendant's motion to dismiss years 2002 and 2003 refund claims only, although they were moot, as Defendant requested. See page 2-3 above. There is no evidence what's so ever

9

that the 2004 refund claim was requested to be dismissed by Defendant or was dismissed by the Court accordingly.

In its Opinion and Order filed on April 1, 2020, ECF No. 92, the Court concentrated on the 2003 refund claim which was rendered moot. The "tax year 2004", was mentioned three times, (9 words), two on page 1, ¶1, and one on page 2, ¶2 in its 9-page order. These 3 times, "tax year 2004" have no indication relative to the 2004 tax refund claim determined by the IRS as correctly filed within the 7-year statute and for the year within which the debt became worthless. Anything echoed in regards to the 2003 refund claim or the 2002, should not be an issue since the Complaint was filed, specifically for 2004 refund claim that was admitted by the IRS. Both 2002 and 2003 were rendered moot, immediately when the Complaint was filed.

Respectfully, Your Honor, Plaintiffs were not treated justly or fairly. The courts failed their jurisdiction and justice. The Court ignored the 2004 refund claim; did not including the 2004 claim in its rulings; did not dismiss the 2004 refund claim (only the moot 2002 and 2003); ignored the preponderance of evidence provided; ignored the IRS' admission of the 2004 claim as correctly filed within the 7-year statute for business bad debt; ignored that a major shareholder of Atek, Mr. Khalil, was refunded his federal and state taxes for 2002 and 2003 of over $200,000, (Counsel's

letter of November 8, 2019, re Subpoena for production of documents to Eyad Khalil, labeled KHA1-00001-KHAL-00007); ignored that Mr. Mohammed Taha and Mr. Moussa Taha were refunded their California State taxes for the same years. Plaintiffs provided the Court with evidence of these refunds. You ignored them. Why the double standard, Your Honor?

Your Honor, the Court, which is a government entity, was respectfully bias. It was not fair. You and the IRS respectfully and unfortunately adopted the double standards which should not have a say in the legal system.

For the sake of justice to plaintiffs, I respectfully ask this Honorable Court to reconsider its "erroneous" orders of dismissals and denials that were improperly assessed to the wrong refund claims (2002 & 2003) that were moot, and ignoring the actual subject claim of this action (2004), and grant Plaintiffs their tax refund claim of $14,177.

**That said, Plaintiffs pray for a fair and just judgment in their favor in consideration of the 2004 refund claim, the heart and the reason for this this action.**

Dated: May 15, 2020

                                                              _____
                                                              Ali M. Taha, POA
                                                              For Plaintiffs

## PROOF OF SERVICE

STATE OF FLORIDA, COUNTY OF MANATEE

I certify that I served the foregoing document described as

**PLAINTIFFS' OBJECTION TO COURT'S SECOND POST TRIAL OORDER**

on all interested parties in this action by placing the true copies thereof enclosed in sealed envelopes mailed with postage thereon fully prepaid to:

Elizabeth A. Kanyer, Esquire
U.S. Department of Justice
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC 20044

Executed on May 14, 2019

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

*/s/ Ali M. Taha*
Ali M. Taha

Mohamad Taha v US - Obj to CFC Order(final)-Rev1

